**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**TRACIE LYNN NORRIS**                                                                                   **PLAINTIFF**

**V.**                                          **CASE NO. 3:08CV118**

**TUPELO PCH, LLC d/b/a**
**MAGNOLIA MANOR AT TUPELO**                                           **DEFENDANT**

## **ORDER**

This cause comes before the court on the motion *in limine* **[66]** of the Defendant, Tupelo PCH, to exclude certain evidence at trial.

Defendant first moves to exclude any testimony by Judith Humphries relating to an alleged meeting that took place between Jim Wells, Donna Pharr and Janice Humphries, all employees of Magnolia Manor. Judith Humphries did not attend the alleged meeting. Additionally, Donna Pharr will likely testify that the meeting did not occur.

Defendant contends that this testimony by Judith Humphries would be hearsay and further that Judith lacks personal knowledge, as she did not attend the meeting. The court is hesitant to exclude this testimony at this time, as the circumstances surrounding the statements are uncertain. Further foundation should be laid to determine if the statements to Judith Humphries constitute admissions by a party opponent. Certainly, if the statements are not hearsay, and thus admissible, then Judith would have the ability to testify as to what she does personally know of the meeting through the statements. This portion of Defendant's motion will be denied at this juncture.

Defendant next seeks to exclude testimony about an alleged statement that Janice

Humphries made to Judith Humphries that Magnolia Manor was not hiring Plaintiff back because she had a sick baby. Defendant argues any such testimony would be hearsay, as Janice Humphries was an assistant cook at Magnolia Manor. However, there is some evidence that Janice Humphries was a head cook, and Plaintiff's supervisor. Therefore, her statements could constitute an admission by a party opponent and thus would not qualify as hearsay. Fed. R. Evid. 801(d)(2). It is unclear if the statement was made during the scope of Janice Humphries' employment and during the existence of the relationship. There is evidence that it is possible the conversation took place in a familial setting, but this is not certain. Further foundation should be laid before this court may determine if the proposed testimony meets the requirements for an admission by a party opponent. This portion of Defendant's motion will be denied at this time.

Lastly, Defendant seeks to exclude bills and medical records concerning Plaintiff's appointments with Dr. Rud Robison and Dr. William Marcy as being irrelevant and unauthenticated hearsay. Plaintiff has stated that she will not attempt to introduce the medical records at issue at trial. Further, she does not list the same as potential exhibits in the controlling pre-trial order. This portion of Defendant's motion is granted.

Defendant's motion *in limine* **[66]** is **GRANTED IN PART and DENIED IN PART.**

This the 6th day of January, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**