### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**TRACIE LYNN NORRIS**                                                                        **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.: 3:08CV118-M-S**

**TUPELO PCH, LLC d/b/a**
**MAGNOLIA MANOR AT TUPELO**                                             **DEFENDANT**

### PRETRIAL ORDER

1. A pretrial conference was scheduled in this matter for the 6th day of December, 2010, at 10:00 A.M., at the United States Federal Building, at Greenville, Mississippi, before United States Magistrate Judge David Sanders. On December 1, 2010, pursuant to Court Order, the pretrial conference was dispensed with in this matter.

2. The following counsel appeared:

    a. **For the Plaintiff:**

| Name | Address |
|---|---|
| Ron Woodruff | Waide & Associates, P.A.<br>332 N. Spring St.<br>P. O. Box 1357<br>Tupelo, MS 38802<br>(662) 842-7324 |

    b. **For the Defendant:**

| Name | Address |
|---|---|
| George E. Dent | Greer Russell Dent & Leathers, PLLC<br>117 North Broadway<br>P.O. Box 907<br>Tupelo, MS 38802<br>(662) 842-5345 |

3. The pleadings are amended to conform with this pretrial order.

4. The following claims (including claims stated in the complaint, counter-claims, third-party claims, cross-claims, etc.) have been filed: This is an action to recover actual damages and punitive damages against Magnolia Manor for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

5. The basis for the court's jurisdiction is: The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343 to address claims arising under disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112.

6. The following jurisdictional question(s) remain(s):   None

7. The following motions remain pending:

   Defendant's Motion in Limine

8. The following is a concise summary of the ultimate facts as claimed by:

   a. **The Plaintiff:**

   In August 2006, Tracie Norris was hired to work at Magnolia Manor as a part-time cook, working about 25 to 30 hours a week.

   On December 1, 2006, Norris' child, Marley, was born with Down's syndrome and other complications.

   Soon thereafter, Magnolia Manor fired Norris. Donna Pharr stated that she could not have Tracie working there any longer because with her having a Down's syndrome baby, she would miss too much work and that it was just business. Pharr also said, "It's just business. This is what I've got to do. This is my job." Finally, Pharr said, "If her baby was going to be sick all the time, she didn't need to have a job like to hold her down. Like she could be on the job at any point in time and somebody could call and say, hey, you've got to leave here. Well, then they had to get somebody in there to take her place."

   Tracie Norris was devastated that she was not allowed to go back to work for Magnolia Manor: "I loved the people I worked with, the elderly. It just upset me . . . I've looked for my place in life and finally found it, and then I couldn't go back to work." Norris stated: "I was hurt. I was distraught. You know on top of having a sick child, I couldn't go back to work. Yeah, she had problems at birth, but she's like any normal kid."

b. **The Defendant:**

Defendant does business as Magnolia Manor, an assisted living facility near Tupelo, Mississippi. Magnolia Manor has the capacity for 122 residents. Plaintiff was a part-time cook for defendant for approximately 4 months in late 2006. Plaintiff was hired as an at-will employee. Because plaintiff had worked less than twelve (12) months when her child was born, she was not entitled to Family and Medical Leave. Plaintiff admitted in deposition that she was not entitled to Family and Medical Leave.

Plaintiff's child was born December 1, 2006. On or about December 8, 2006 plaintiff came to Magnolia Manor to pick up her paycheck. At that time, plaintiff advised defendant that she wanted the head cook position. Plaintiff was advised that the position of head cook was not available because defendant was operating at a loss and the department was on reduced man hours. Plaintiff did not say she wanted to return to work in her old position as part time cook or even return to work at all.

After Plaintiff took off work in November to have her child, at no time did she follow company procedures as set forth in the employee handbook and: (1) call in sick, (2) ask for time off, (3) offer a medical excuse or any excuse for absences, or (4) advise if or when she would return to work. At the end of December, Plaintiff still had not asked to return to work at her old job. Burdened with a low census of 35, approximately 29% capacity, and budget restraints, the kitchen department was restructured, the hours were reduced, the cook's assistant positions were eliminated. On or after January 11, 2007 over a month after the birth of her child, Plaintiff attempted for the first time to actually return to work. Plaintiff asked if there was any work for her and was advised that there was none.

Plaintiff never verbally advised defendant that her child was disabled. Plaintiff presented no medical reports, statements or excuses to defendant of any medical condition of her daughter. Plaintiff did not notify defendant of any problems with her child which would adversely affect plaintiff's ability to work for defendant. Plaintiff did not ask that defendant make any accommodations for plaintiff and defendant did not know Plaintiff was in need of or expected any such accommodations.

Because of the economic imperative of an extremely low census, defendant employer had valid, non-discriminatory reasons to eliminate plaintiff's part-time position. Plaintiff failed to provide any documented medical information to employer regarding any alleged disability of her child and plaintiff failed to request accommodation because of her allegedly disabled child. Plaintiff has no documentary proof that she has suffered economically

    or emotionally as a result of the loss of her part time job with defendant. Defendant has no liability to plaintiff.

  9a. The following facts are established by the pleadings, by stipulation, or by admission:

    1. In August 2006, Tracie Norris was hired to work at Magnolia Manor as a part-time cook, working about 20 to 30 hours a week.
    2. On December 1, 2006, Norris' child, Marley, was born.

  b. The contested issues of fact are as follows:

    1. Whether the Defendant fired Tracie Norris because she had a sick baby.
    2. Whether there is direct evidence of disability discrimination.
    3. What damages, if any, Plaintiff is entitled to receive.
    4. Whether defendant had valid, non-discriminatory reasons to eliminate plaintiff's position of cook's assistant.
    5. Whether plaintiff was entitled to return to work after failing to communicate with defendant for over a month.
    6. Whether plaintiff has proved discrimination based on a disabled child.

  c. The contested issues of law are as follows:

    1. Whether Plaintiff is entitled to attorney fees, reinstatement or front pay.
    2. Whether Plaintiff is entitled to a punitive damages instruction.

  10. The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the respective parties. **Each exhibit has been marked for identification and examined by all counsel.**

    a. **TO BE OFFERED BY THE PLAINTIFF:**

    P-1 Defendant's Responses to Requests for Admission
    P-2 Magnolia Manor Organizational Chart
    P-3 Defendant's Response to EEOC
    P-4 Plaintiff's 2005 Tax Return
    P-5 Plaintiff's 2006 Tax Return
    P-6 Plaintiff's 2007 Tax Return
    P-7 Plaintiff's 2008 Tax Return
    P-8 Plaintiff's 2009 Tax Return
    P-9 Defendant's Net Worth Statement

 The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity and/or admissibility in evidence of any of the preceding exhibits is objected to, the

exhibit must be identified below, together with a statement of the specified grounds(s) for the objections(s):

**The Defendant objects to the following exhibits proposed by the Defendant:**

P-1   Defendant objects to P-1 as confusing, irrelevant, waste of time and inconsistent with plaintiff's understanding of the facts. Additionally defendant objects for the reasons set forth in defendant's Motion for Leave to Withdraw Admissions. FRE 403.
P-3   Confusing, incomplete, authenticity, hearsay, FRE 401, 402, and 403.
P-9   Defendant objects to P-9, lack of foundation, prejudicial, irrelevant, FRE 403.

**b.     TO BE OFFERED BY THE DEFENDANT:**

D-1   Application for Employment MM 24-28
D-2   Plaintiff's Charge of Discrimination filed with EEOC 3-25-07
D-3   Employee Handbook MM 29-74; or any part thereof
D-4   Receipt & Acknowledgment of Employee Manual 8-10-06 MM 12 & 85
D-5   Family and Medical Leave Policy MM 129; MM 64-65
D-6   Leave of Absence MM 130; MM 64
D-7   Work Sheets MM 100-112; or any part thereof
D-8   Department of Employment Security file of Plaintiff MM 133-187; or any part thereof
D-9   Initial Claim for Benefits 11-3-98  MM 132
D-10  Notice of Monetary Decision MM 133
D-11  Initial Claim for Benefits 1-5-99  MM 134
D-12  Notice of Monetary Benefit Determination MM 135
D-13  Initial Claim for Benefits 10-7-99 MM 136
D-14  Non Monetary Report of Investigation 10-19-99  MM 137
D-15  Notice of Claims Decision 10-21-99  MM 139
D-16  Initial Claim for Benefits 2-6-01 MM 140
D-17  Notice of Monetary Benefit Determination MM 141
D-18  SYSM Inbasket Print 2-6-01 MM 142
D-19  Notice of Non Monetary Decision MM 149
D-20  Initial Claim for Benefits 1-15-03 MM 150
D-21  SYSM Inbasket Print 1-23-03 MM 151-2
D-22  Notice of Monetary Benefit Determination MM 155
D-23  SYSM Outbasket Print 2-11-03 MM 156
D-24  SYSM Inbasket Print 2-7-03 MM 157
D-25  Notice of Nonmonetary Decision 1-27-03  MM 158
D-26  Initial Claim for Benefits 10-23-03  MM 159
D-27  Notice of Monetary Benefit Determination 10-27-03  MM 160
D-28  SYSM Inbasket Print 10-31-03  MM 161
D-29  Notice of Nonmonetary Decision  11-4-03  MM 163
D-30  Initial Claim for Benefits 4-12-05 MM 164

    D-31   Notice of Monetary Benefit Determination MM 165
    D-32   Initial Claim for Benefits 1-5-07 MM 167
    D-33   Failed to Report 2-2-07 MM 168
    D-34   Notice of Monetary Decision 2-12-07 MM 173
    D-35   Notice of Monetary Decision 2-14-07 MM 170

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity and/or admissibility in evidence of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified grounds(s) for the objections(s): **The Plaintiff objects to the following exhibits proposed by the Defendant:**

    D-8    Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-9    Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-10   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-11   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-12   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-13   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-14   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-15   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-16   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-17   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-18   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-19   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-20   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-21   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-22   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-23   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-24   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-25   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-26   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-27   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-28   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-29   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-30   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-31   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-32   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-33   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
    D-34   Hearsay, FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.

**All parties reserve the right to use any and all exhibits listed by any other party as exhibits herein.**

The following is a list and brief description of any charts, graphs, models, schematic diagrams, and/or similar objects which will be used in opening statements or closing statements, but which **will not** be offered in evidence. Plaintiff and Defendant may use charts, graphs, tapes, items of clothing or similar demonstrative aids to establish a chronology of events and to summarize Plaintiff's damages during closing statements. Plaintiff and Defendant may also use enlargements of all or part of any documents admitted into evidence. Plaintiff and Defendant may also use multimedia presentations during opening and/or closing arguments. Each party reserves the right to use any such aids which may be used by the other.

D-A. Time line depicting plaintiff's previous employment.
D-B. Time line depicting plaintiff's previous claims for unemployment benefits.
D-C Time Chart of Kitchen Hours, August through December 2006.

11. Objections, if any, to use of the preceding objects are as follows:

a. **For the Plaintiff:**

D-A FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
D-B FRE 401, FRE 402, FRE 403, FRE 404, FRE 608.
D-C No objection

**Plaintiff anticipates that Defendant's is going to try to introduce improper character evidence concerning Plaintiff's job history and claims for unemployment, which are totally irrelevant, and unduly prejudicial to the Plaintiff.**

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three (3) days prior to trial. If there is then any objection to the use of the objects, the dispute will be submitted to the court at least one (1) day prior to trial.

12. The following is a list of witnesses whom **Plaintiff** anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements are made with the trial judge prior to commencement of trial. The listing of a **WILL CALL** witness herein constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial in the absence of reasonable written notice to opposing counsel to the contrary. The listing of a **MAY CALL** witness constitutes a representation that counsel reasonably expects to call the witness at trial, but is not bound to do so.

**Plaintiff's Witness List**

| Name | Indicate: Will/May Call | Address | Indicate: Fact/Expert | Indicate: Liab/Damage |
|---|---|---|---|---|
| 1. Tracie Norris | Will | Saltillo, Ms | Fact | L/D |
| 2. Diann Norris | May | Como, Ms | Fact | L/D |
| 3. Lauren Norris | May | Saltillo, Ms | Fact | D |
| 4. Pam Dillard | May | Oxford, Ms | Fact | L/D |
| 5. Judy Humphries | May | Tupelo, Ms | Fact | L/D |
| 6. Janice Humphries | May | Vina, Al | Fact | L/D |
| 7. James Wells | May | Tupelo, Ms | Fact | L/D |
| 8. Donna (Pharr) Humphries | May | Memphis, Tn | Fact | L/D |
| 9. Donna Wilburn | May | Shannon, Ms | Fact | D |
| 10. Jane Adderholt | May | Tupelo, Ms | Fact | D |
| 11. Miranda Culver | May | Shannon, Ms | Fact | D |

Plaintiff reserves the right to call any witness listed by the Defendant.

**Will Testify by Deposition:**

Plaintiff may use the depositions of: Any person who was deposed in discovery who is unavailable for trial as allowed by the Federal Rules of Civil Procedure.

State whether the entire deposition, or only portions thereof, will be used. Counsel shall confer, no later than twenty (20) days before the commencement of trial, to resolve all controversies concerning all depositions (videotaped or otherwise). All controversies not resolved by the parties shall be submitted to the trial judge not later than ten (10) days prior to trial. All objections not submitted within that time are waived.

13. The following is a list of witnesses whom **Defendant** anticipate calling at the trial

(excluding witnesses to be used solely for rebuttal or impeachment). All listed witnesses must be present to testify when called by a party unless specific arrangements are made with the trial judge prior to the commencement of trial. The listing of a **WILL CALL** witness herein constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at the trial in the absence of reasonable written notice to opposing counsel to the contrary. The listing of a **MAY CALL** witness constitutes a representation that counsel reasonably expects to call the witness at trial, but is not bound to do so.

## Defendant's Witness List

| Name | Will/May Call | Address & Telephone No. | Indicate: Fact/Expert | Indicate: Liab/Damage |
|---|---|---|---|---|
| 1. Tracie Norris | May | Saltillo, MS | Fact | L/D |
| 2. Janice Humphreys | Will | Vina, AL | Fact | L/D |
| 3. Donna Pharr Humphries | May | Memphis, TN | Fact | L |
| 4. Jim Wells | May | Tupelo, MS | Fact | L |
| 5. Diann Norris | May | Como, MS | Fact | L/D |
| 6. Debra Haynes | Will | Tupelo, MS | Fact | L/D |
| 7. Jack Bobo | May | Lyon, MS | Fact | L/D |
| 8. Fay McMorris | May | Shannon, MS | Fact | L/D |

Defendant reserves the right to call any witness listed by the Plaintiff.

**Will Testify by Deposition:**

Defendant may use the depositions of:

In the event a witness is unavailable to testify live, his/her deposition testimony shall be used.

Defendant may use the deposition of the plaintiff, or any other witness called by plaintiff, for any purpose permitted by the rules.

State whether the entire deposition, or only portions thereof, will be used. Counsel shall confer, no later than twenty (20) days before the commencement of trial, to resolve all controversies concerning all depositions (videotaped or otherwise). All controversies not resolved by the parties shall be submitted to the trial judge not later than ten (10) days prior to trial. All objections not submitted within that time are waived.

14. This is a jury case.

15. Counsel suggest the following additional matters to aid in the disposition of this civil action: None

16. Counsel estimate the length of the trial will be 2 or 3 days.

17. This pretrial order has been formulated at and as a result of a pretrial conference before the United States Magistrate Judge, notice of which was duly served upon all parties, and which the parties attended as hereinabove shown. Reasonable opportunity has been afforded for corrections and/or additions prior to signing. This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

ORDERED, this the 7th day of January, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

*/s/ Ron L. Woodruff*
Jim Waide
Ron Woodruff
ATTORNEYS FOR PLAINTIFF

*/s/ George Dent*
George Dent
ATTORNEYS FOR DEFENDANT

Entry of the above Pretrial Order is recommended this, the 7th day of January, 2011.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE