IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DIVISION

PLAINTIFFS

V.  NO.

DEFENDANTS

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. The law is no respecter of persons, and all persons stand equal before the law and are to be dealt with as equals in a court of justice. [A defendant such as _____ is entitled to the same fair and unprejudiced treatment as an individual would be under like circumstances, and you should decide this case with the same impartiality which you would use in deciding a case between individuals.]

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is evidence that tends to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of the evidence. You may consider both kinds of evidence.

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the

weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his relationship to the plaintiff or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; the witnesses candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witnesses' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the

evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

Instruction # 1

The Court instructs the jury that Plaintiff Norris claims that she suffered an adverse employment action because of her association with a sick child.

Pursuant to the Americans with Disabilities Act, 42 U.S.C.A. § 12112:

No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

. . .

the term "discriminate against a qualified individual on the basis of disability" includes–

. . .

excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association;

Instruction # 2

The Court instructs the jury that federal law makes it unlawful for disability to be a motivating factor in employment decisions. In order to prevail on a claim of disability discrimination, it is not necessary that Plaintiff Norris prove that her child's disability was the only reason that an adverse employment action was taken against her. It is only necessary that she prove that her child's disability played a role in the Defendant's decision-making process.

If you find by a preponderance of the evidence that the disability of Tracie Norris' child did actually play a role in the employer's decision making process and have a determinative influence on the outcome of the adverse employment action, you must find for Norris and award her appropriate damages to make her whole. Discrimination need not be the sole reason for the adverse employment action.

Instruction # 3

The Court instructs the jury that a plaintiff may establish circumstantial evidence of intentional discrimination by demonstrating that a defendant's articulated nondiscriminatory reason for termination was pretextual. A pretextual reason is one that is not the real reason. In determining whether a reason is pretextual, you are to use your own common sense and good judgment.

It is your duty to decide whether there was disability discrimination, as instructed by the Court in this case, bearing in mind that you, as jurors, are to make the determination of who is telling the truth and of drawing reasonable inferences from the facts.

Instruction # 4

If you return a verdict in favor of Plaintiff Tracie Norris on her claim of disability discrimination, then it will be your duty to award Ms. Norris actual damages.

The purpose of actual damages is to make Ms. Norris whole; that is, to compensate her for the actual damages she has suffered. Damages include the following elements: (1) lost wages and benefits from the time of discharge up until the date of trial; and (2) compensatory damages for emotional distress.

Instruction # 5

The Court instructs the jury that your calculation of damages should be reasonable and supported by evidence presented in the record. It is not, however, necessary that the amount be exact or certain.

Instruction # 5

The Court instructs the jury that your calculation of damages should be reasonable and supported by evidence presented in the record. It is not, however, necessary that the amount be exact or certain.

Instruction # 6

In this case, Plaintiff is alleging that Magnolia Manor would not re-hire her because of her sick child. In order for Plaintiff to recover on this discrimination claim against Magnolia Manor, she must prove that Magnolia Manor intentionally discriminated against her. This means that Plaintiff must prove that her child's disability actually played a role and had a determinative influence on Magnolia Manor's decision not to re-hire her. Her child's disability need not be the sole reason for the adverse employment action.

Defendant, Magnolia Manor, has given nondiscriminatory reasons for its not re-hiring Plaintiff: (1) that she did not advise of her intentions of returning to work for over a month; and (2) that her position was eliminated due to a low census and budget constraints. In determining whether Magnolia Manor's stated reasons for its actions were a pretext, or excuse, for discrimination, you may not question Magnolia Manor's business judgment. You cannot find intentional discrimination simply because you disagree with the business judgment of Magnolia Manor or believe it is harsh or unreasonable. You are not to consider defendant's wisdom. However, you may consider whether their reasons are merely a cover-up for discrimination.

Ultimately, you must decide whether Plaintiff has proven that her child's disability played a role in Magnolia Manor's employment decision and had a determinative influence on the outcome. Discrimination need not be the sole reason for the adverse employment decision.

If you find that Plaintiff has failed to prove that her child's disability actually played a role in the employer's decision and had a determinative influence on the outcome of Magnolia Manor's employment decisions, you must return a verdict for the defendant.

Instruction # 7

The Court instructs the jury that once the defendant has met its burden of producing a non-discriminatory reason for not rehiring Plaintiff, the burden of proof shifts to the Plaintiff who must show that the defendant's explanations are merely a pretext for the actual reason she was not rehired, allegedly discrimination because her child was sick and defendant feared she would miss too much work.

Instruction # 8

The Court instructs the jury that in order for plaintiff to establish her claim under the ADA [Americans with Disabilities Act] she must show that she is:

(1) a disabled person within the meaning of the ADA;

(2) is qualified to perform the essential function of her job;

(3) that Magnolia Manor made an adverse employment decision because of her child's disability; and

(4) she was replaced by a person with a non-disabled child or was treated less favorably than an employee with a non-disabled child.

If the plaintiff has failed to prove any one of these four elements, then your verdict must be for the defendant.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching a verdict if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges--judges of the facts in this case. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreman or forewoman who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

7

**[Explain verdict]**

You will take the verdict form to the jury room and when you have reached a unanimous agreement as to your verdict, you will have your foreman fill it in, date, and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.