Instruction 7

    The Court instructs the jury that punitive damages are added damages awarded for the public service of bringing a wrongdoer to account, and in making an example of one to deter others from repeating the same act. Such awards punish and compel the wrongdoer to have due and proper regard for the rights of the public. Such damages may be awarded not only for willful and intentional wrongs, but also for gross and reckless negligence, which in the eyes of the law is the equivalent of a willful wrong.

    In assessing the amount of punitive damages, if any, to be assessed against the Defendant, you may consider the following factors: (1) the amount necessary to punish the wrongdoer for his actions; (2) the amount necessary to deter a wrongdoer from engaging in such conduct in the future; (3) the amount necessary to deter others from engaging in such conduct in the future by making an example of the wrongdoer;(4) the amount necessary to award the injured party from bringing the suit, thereby protecting the public from future wrongdoing; and (5) the wrongdoer's financial net worth.

Instruction

Plaintiff claims the acts of Magnolia Manor were done with malice or reckless indifference to the plaintiff's federally protected rights and that as a result there should be an award of what are called "punitive" damages. Only under certain conditions may a jury award punitive damages to punish a defendant, or to deter the defendant and others like the defendant from committing such conduct in the future.

An award of punitive damages is permissible in this case only if you find by a preponderance of the evidence that a management official of Magnolia Manor personally acted with malice or reckless indifference to Plaintiff's federally protected rights. An action is with malice if a person knows that it violates the federal law prohibiting discrimination and does it anyway. An action is with reckless indifference if taken with knowledge that it may violate the law.

But even if you make a finding that there has been an act of discrimination with malice or reckless disregard of Plaintiff's federal rights, you cannot award punitive damages if Magnolia Manor proves by a preponderance of the evidence that it made a good faith attempt to comply with the law, by adopting policies and procedures designed to prevent unlawful discrimination such as that suffered by Plaintiff.

An award of punitive damages is discretionary, that is, if you find that the legal requirements for punitive damages are satisfied and that Magnolia Manor has not proved that it made a good faith attempt to comply with the law, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some consideration that should guide your exercise of this discretion.

If you have found the elements permitting punitive damages, as discussed in this instruction, then you should consider the purposes of punitive damages. The purpose of punitive damages are to punish a defendant for a malicious or reckless disregard of federal rights, or to deter a defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent defendant from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter others from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which defendant should be punished for its wrongful conduct, and the degree to which an award of one sum or another will deter defendant or others from committing similar wrongful acts in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct,

may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Magnolia Manor, you may consider the financial resources of defendant in fixing the amount of such damages.