**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**TRACIE LYNN NORRIS**                                                                    **PLAINTIFF**

**VS.**                                     **CIVIL ACTION NO. 3:08CV118-MPM**

**TUPELO PCH, LLC d/b/a
MAGNOLIA MANOR AT TUPELO**                                           **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES**

**INTRODUCTION**

This case was tried before a jury for two (2) days, from January 20, 2011, through January 21, 2011. On January 21, 2011, the jury returned a verdict in favor of Plaintiff. The jury awarded Plaintiff a total damages award of $2,400.00.

Defendant filed its Renewed Motion for Judgment as a Matter of Law [99] on February 18, 2011, and its Renewed Motion for Judgment as a Matter of Law or, in the Alternative, for New Trial [101] on February 24, 2011. On July 28, 2011, this Court entered an Order [113] denying Defendant's motions [99] and [101].

Defendant filed its Motion for Costs [103] on February 28, 2011. On July 28, 2011, this Court entered an Order [115] granting Defendant's motion [103] and instructing that the sum of $695.84 in costs and expenses be deducted from the total amount owed to Plaintiff by Defendant.

00229121.WPD

**ARGUMENT**

Plaintiff is entitled to reasonable attorneys' fees as a result of prevailing on her claim under the Americans with Disabilities Act. The attorneys' fees provision of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.) provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

The standards that have been applied to determine whether to award attorneys' fees under the various civil rights statutes are also applicable to the fees provision of the Americans with Disabilities Act. *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*, 262 F.3d 496, 498 (5th Cir. 2001). The principles that are applicable to the determination of a reasonable fee under the civil rights statutes and other federal fee-shifting statutes, including the use of the "lodestar" formula, are also to be applied in fixing the amount of a fee award under the Americans with Disabilities Act. *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).

The Supreme Court has held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of the hours expended and the hourly rate is the "lodestar." *See Mid-Continent Cas, Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000). The Court may then adjust the lodestar for reasonableness. *Longden v. Sunderman*, 979 F.2d 1095, 1098 (5th Cir. Tex. 1992). In considering the reasonableness, the Court looks to the following twelve factors:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform

the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989)).

Plaintiff is undisputedly the prevailing party and is entitled to reasonable attorneys' fees. Each of the *Johnson* factors is discussed below.

### 1.

### (TIME REQUIRED)

Attorney Jim Waide spent a total of 11.75 hours on this case.

Attorney Rachel M. Pierce spent a total of 58.50 hours on this case.

Attorney Ron L. Woodruff spent a total of 41.00 hours on this case.

Paralegals at Waide & Associates, P.A., expended a total of 18.00 hours on this case.

Additionally, Waide & Associates, P.A., has incurred expenses and advances totaling $2,531.85, as of the filing of this brief in connection with this case. *See* Affidavit of Jim Waide, Rachel M. Pierce, and Ron L. Woodruff, attached to Plaintiff's Motion for Attorneys' Fees as Exhibit "A."

### 2.

### (THE NOVELTY AND DIFFICULTY OF THE QUESTIONS PRESENTED)

This was a routine case pursuant to the Americans with Disabilities Act.

**3.**

**(THE SKILL REQUISITE TO PERFORM THE LEGAL SERVICES PROPERLY)**

Only a small percentage of attorneys in North Mississippi perform employment discrimination work.

**4.**

**(THE PRECLUSION OF OTHER EMPLOYMENT BY
THE ATTORNEY DUE TO ACCEPTANCE OF THE CASE)**

There was no preclusion of other employment by acceptance of this case.

**5.**

**(THE CUSTOMARY FEE)**

This factor will be consolidated and discussed under factor 12.

**6.**

**(WHETHER THE FEE IS FIXED OR CONTINGENT)**

Plaintiff's attorneys are employed on purely contingent fee basis; no recovery, no fee. Additionally, the attorneys and client divide evenly any attorneys' fees which are awarded by this Court.

**7.**

**(TIME LIMITATIONS IMPOSED BY THE CLIENT OR THE CIRCUMSTANCES)**

This factor is not applicable.

**8.**

**(THE AMOUNT INVOLVED AND THE RESULTS OBTAINED)**

Plaintiff was entirely successful with a jury awarding a total verdict of $2,400.00.

**9.**

**(THE EXPERIENCE, REPUTATION, AND ABILITY OF THE ATTORNEYS)**

Attorney Jim Waide graduated from Millsaps College in 1968. After serving three years in the United States Marine Corps, including one year as a forward observer in the Vietnam War, he graduated from Tulane Law School in 1974. He then spent one year as a law clerk to United States Court of Appeals Judge J. P. Coleman.

Except for time in the military and one year clerking for Judge Coleman, Waide's entire career has been spent performing jury trial work, with the majority of those cases being civil rights cases. He has successfully argued two cases before the United States Supreme Court, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) and *Wyatt v. Cole*, 504 U.S. 158 (1992), and had two other cases accepted on *certiorari* by the United States Supreme Court and summarily reversed, *Polk v. Dixie Insurance Company,* No. 90-240, 501 U.S. 1201 (1991) and *Garner v. Ashley Furniture Industries, Inc.,* No. 05-507, 548 U.S. 923 (2006). Waide is listed in <u>Best Lawyers in America</u> under the category of Labor and Employment Law. Waide has approximately 240 reported cases, mostly in the area of civil rights and employment discrimination.

Attorney Rachel M. Pierce graduated *summa cum laude* from Mississippi University for Women in 1997, receiving a Bachelor's Degree in English. In 2001, she graduated *magna cum laude* from the University of Mississippi School of Law, where she was chair of the Moot Court Board and executive editor of the *Mississippi Law Journal*. She was admitted to the Mississippi Bar in 2001 and has practiced before numerous courts in Mississippi, both at the trial and appellate level. Miss Pierce has also appeared before the United States Court of Appeals for the Federal Circuit and

the United States Court of Federal Claims. Miss Pierce is currently president-elect of the Mississippi Bar Young Lawyers' Division. An appropriate fee for Miss Pierce is $200.00 per hour.

Attorney Ron L. Woodruff graduated from the University of Mississippi in 1998, receiving a Bachelor's Degree in Philosophy and Business Administration. He graduated from the University of Mississippi School of Law in 2001. He was admitted to the Mississippi Bar in 2001 and has practiced before numerous courts in Mississippi, both at the trial and appellate level. An appropriate fee for Mr. Woodruff is $200.00 per hour.

Utilizing paralegals is reasonable since the charges of paralegals is substantially less than attorneys. *Coleman v. Houston Independent School District*, 202 F.3d 264 (5th Cir. 1999).

### 10.

### (THE "UNDESIRABILITY" OF THE CASE)

This case was not undesirable.

### 11.

### (THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT)

Attorney Waide's relationship with Plaintiff began in approximately October 2008, when Plaintiff signed an attorney/client contract and Waide began representing her. Waide filed the Complaint on or about November 10, 2008.

**12.**

**(AWARDS IN SIMILAR CASES, THE
CUSTOMARY FEE, AND THE APPROPRIATE HOURLY FEE)**

In *Kuper v. Empire Blue Cross and Blue Shield*, 2004 WL 97685 (S.D. N.Y.), a former employee sued his former employer, alleging that he had been fired due to his bilateral hearing loss, in violation of the Americans with Disabilities Act. The employee was entitled to an award of attorneys' fees. *Id.* In fact, the court noted that "a presumption exists that successful litigants in ADA cases 'should ordinarily recover attorneys' fees . . ." *Raishevic v. Foster*, 247 F.3d 337, 344 (2d Cir. 2001).

This Court has previously approved a fee of $265.00 for Waide. *See* Memorandum Opinion entered on February 25, 2010, in *Cliff Hardy v. City of Tupelo, Mississippi*; U.S.D.C. No. 1:08-CV-28-SA, attached to Plaintiff's Motion for Attorneys' Fees as Exhibit "B." Based upon this prior case, Waide has used a $265.00 hourly fee in preparing the itemization of his fees. *See* Affidavit of Jim Waide, Rachel M. Pierce, and Ron L. Woodruff, attached to Plaintiff's Motion for Attorneys' Fees as Exhibit "A."

Taylor B. Smith, a well-respected and experienced employment defense lawyer, who has extensive experience in litigating cases against Waide, has submitted his declaration that a fee of $275.00 per hour is appropriate for Waide. *See* Declaration of Taylor B. Smith, attached to Plaintiff's Motion for Attorneys' Fees as Exhibit "C." Another equally-respected attorney, Armin J. Moeller, has submitted an affidavit stating that "a reasonable hourly rate for Mr. Waide would be at least $265.00 per hour, with the current market rates being between $265.00 per hour and $405.00 per hour for an attorney with Mr. Waide's skill, experience, and reputation." *See* Affidavit of Armin

J. Moeller, attached to Plaintiff's Motion for Attorneys' Fees as Exhibit "D."[1] Utilizing this hourly fee would make the award more consistent with the established fee for lawyers of Waide's experience and reputation in other jurisdictions. *See* Laffey Matrix, attached to Plaintiff's Motion for Attorneys' Fees as Exhibit "E." ($363.00 approved hourly fee for attorneys with 20 years' experience); *Lee v. Dollar Tree Stores, Inc.*, 2007 WL 1481075 (S.D. Tex. 2007) ($380.00 fee awarded for experienced attorney in employment discrimination case); *Firth v. Don McGill of West Houston, Ltd.*, 2006 WL 846377 (S.D. Tex. 2006) ($355.00 per hour rate in employment discrimination case). Even in Mississippi, "rates of more than $350 an hour are not uncommon." Luther T. Munford, *Removing "Money Illusion" From Fee and Damage Awards*, The Mississippi Lawyer, p. 45 (July-August-September 2007). Additionally, substantial fees are appropriate since *Carey v. Piphus*, 435 U.S. 247, 256, n. 11 (1978), observed that the "Civil Rights Attorney's Fees Awards Act of 1976, Pub.L. 94-559, 90 Stat. 2641, amending 42 U.S.C. § 1988, provides additional- and by no means inconsequential-assurance that agents of the State will not deliberately ignore due process rights."

The fee charged for Attorney Rachel M. Pierce is $200.00 per hour. This is the amount reflected on Plaintiff's billing records and is most reasonable in view of Miss Pierce's experience and ability.

The fee charged for Attorney Ron L. Woodruff is $200.00 per hour. This is the amount reflected on Plaintiff's billing records and is most reasonable in view of Mr. Woodruff's experience and ability.

---

[1] Armin Moeller, Esq. is listed in Best Lawyers in America.

In addition to the hourly fees, the attorneys seek reimbursement of expenses of $2,531.85, and travel time for Rachel M. Pierce of 4.00 hours, less the sum of $695.84[2], equaling $25,889.76. *See* Affidavit of Jim Waide, Rachel M. Pierce, and Ron L. Woodruff.

## LODESTAR FEE

The Court is requested to set an appropriate lodestar fee by multiplying what the Court finds to be a reasonable rate by the hours expended as follows:

1. Jim Waide . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.75 hours;

2. Rachel M. Pierce . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58.50 hours;

3. Ron L. Woodruff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41.00 hours;

4. Paralegals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18.00 hours; and

5. Rachel M. Pierce Travel Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.00 hours.

## ADJUSTMENT TO LODESTAR

Once lodestar is determined, the Court may adjust the fees either downward or upward using the *Johnson*[3] factors. The courts have often reduced for poor result or waste of time. See *Winborne v. Sunshine Health Care, Inc.*, 2009 WL 2900011, 4 (N.D. Miss. 2009); *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). On the other hand, the Fifth Circuit disapproves of enhancement except in the most unusual cases. *Shipes v. Trinity Indus.*, 987 F.2d 311, 321-22 (5th Cir. 1993). Accordingly, no enhancement is requested. But see *Hyatt v. Apfel*, 195 F.3d 188 (4th Cir. 1999) (1.33 multiplier for exceptional services).

---

[2] This reduction is a result of this Court's ruling on Defendant's Motion for Costs. *See* Docket [103].

[3] *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).

**CONCLUSION**

The Court should award reasonable attorneys' fees, calculated by multiplying the hours which it finds to be reasonable, by the rate which it determines to be reasonable. Additionally, Plaintiff requests expenses in the amount of $2,531.85 be granted.

RESPECTFULLY SUBMITTED, this the 9th day of August, 2011.

                              TRACIE LYNN NORRIS, Plaintiff

                By:    */s/ Rachel M. Pierce*
                              Jim Waide, MS Bar No. 6857
                              Rachel M. Pierce, MS Bar No. 100420
                              Ron L. Woodruff, MS Bar No. 100391
                              WAIDE & ASSOCIATES, P.A.
                              332 North Spring Street
                              Tupelo, MS  38804-3955
                              Post Office Box 1357
                              Tupelo, MS  38802-1357
                              Telephone:  (662) 842-7324
                              Telecopier:  (662) 842-8056
                              Email:  waide@waidelaw.com
                                        rpierce@waidelaw.com
                                        rlw@waidelaw.com

                              ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing **Memorandum Brief in Support of Plaintiff's Motion for Attorneys' Fees** with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

>**George E. Dent, Esquire**
>**Greer, Russell, Dent & Leathers, PLLC**
>**Post Office Box 907**
>**Tupelo, MS  38802-0907**
>**gdent@greerlawfirm.com**
>**clong@greerlawfirm.com**
>**jself@greerlawfirm.com**

THIS, the 9th day of August, 2011.

>*/s/ Rachel M. Pierce*
>Rachel M. Pierce