# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**TRACIE LYNN NORRIS**                                        **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 3:08cv118M-A**

**TUPELO PCH, LLC d/b/a**
**MAGNOLIA MANOR AT TUPELO**                             **DEFENDANT**

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION FOR ATTORNEYS' FEES AND EXPENSES

COMES NOW the Defendant, Tupelo PCH, LLC d/b/a Magnolia Manor at Tupelo, by and through its attorneys, Merkel & Cocke, P.A., and, in opposition to the Plaintiff's Motion for Attorneys' Fees and Expenses, states as follows:

1. The Complaint had two claims: (1) one for Pregnancy Discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and (2) one under the Americans With Disabilities Act. [Doc. #1, Preamble, ¶ 8.]

2. On or about December 1, 2010, the defendant made an offer of judgment of $5,000 to the plaintiff, a copy of which is attached hereto as Exhibit "1" and incorporated herein by reference [#82].

3. The plaintiff did not accept that offer of judgment.

4. The plaintiff continued to trial and obtained a judgment of only $2,400. [#92] As recognized by this Court in its July 28, 2011, order [#115], the offer of judgment was more favorable than the verdict finally obtained by the plaintiff. The Court in its July 28, 2011 order therefore ruled that the plaintiff was not entitled to recover her costs or expenses after the date of the offer, December 1, 2010. [July 28, 2011 Order #115].

5. The plaintiff's rejection of the defendant's offer of judgment needlessly protracted this litigation, resulting in large amounts of attorney's time and expenses on both sides of this case. The plaintiff should not be awarded for needlessly extending this litigation and should therefore be denied all attorney's fees after the date of the offer, December 1, 2010. *See, e.g., Good Timez, Inc. v. Phoenix Fire and Marine Insurance Company, Limited,* 754 F. Sup 459 (D.V.I. 1991); *Solomon v. Onyx Acceptance Corporation,* 222 F.R.D. 418 (C.D. Cal. 2004).

6. The same applies to the plaintiff's request for reimbursement of expenses and costs incurred after December 1, 2010. Having obtained a verdict that was less favorable than the rejected offer of judgment, Rule 68 precludes any award of expenses or costs after the date of the offer. Accordingly, the plaintiff should be limited only to costs and expenses incurred prior to December 1, 2010. Fed. R. Civ. P. 68; *Channell v. Eichelberger*, 2008 WL 4683419, No. 2:06CV197-S-A (N.D.Miss. Oct. 22, 2008); *Haworth v. State of Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995).

**Charges not Related to Discrimination Claims**

7. Further, and alternatively, there are a number of specific items to which the defendant objects, which are not related to the plaintiff's ADA claim:

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 6/9/2009 | RW | Telephone conference with representative of Medicaid re: child's coverage | 0.40 | 80.00 |
| 1/14/2011 | RW | Legal research re: Social Security disability payments to Tracie Norris' child | 2.20 | 440.00 |
| Total | | | 2.60 | 520.00 |

These charges have nothing to do with the discrimination claim against the defendant, and the defendant should not be required to pay for time related to Medicaid or social security disability for the plaintiff's child.

**Paralegal Time**

8.      Further, there has been no showing that it was necessary for the paralegals to attend the trial of this matter, and the defendant would request that those hours be disallowed:

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 1/20/2011 | PL | Travel to and from Oxford, Mississippi, for attendance at trial | 2.00 | 40.00 |
| | PL | Attend trial | 7.00 | 280.00 |
| 1/21/2011 | PL | Travel to and from Oxford, Mississippi, for attendance at trial | 2.00 | 40.00 |
| | PL | Attend trial | <u>7.00</u> | <u>280.00</u> |
| Total | | | 18 | 640.00 |

Further, there is no evidence as to the qualifications for paralegals at Wade & Associates, for whom the plaintiff seeks payment for 18 hours of time at $40.00 per hour in court and $20 per hour travel.

**Charges for Responding to Defense Motion for Costs (Rule 68)**

9.      The plaintiff has also claimed time for responding to the defendant's motion for costs under Rule 68. The defendant respectfully submits that the plaintiff was not a prevailing party and fees in connection with the defendant's motion for costs and that the defendant should not be required to pay plaintiff's counsel for responding to the motion by the defendant to recover its costs under Rule 68:

| Date | | Description | Hours | Amount |
|---|---|---|---|---|
| 2/28/2011 | RMP | Receive and review Motion for Costs | .75 | 150.00 |
| 3/18/2011 | RMP | Draft Plaintiff's Response to Defendant's Motion for Costs | <u>2.50</u> | <u>500.00</u> |
| Total | | | 3.25 | 650.00 |

Legal research charges connected with the motion for costs should likewise be denied:

| 3/18/2011 | Online legal research (Westlaw) | 33.86 |
|---|---|---|

**Jim Waide Charges**

10.	With respect to Jim Waide's charges, the defendant submits that Rachel Pierce tried this matter and that there has been now showing for the necessity of Jim Waide, who charges the highest hourly rate, to prepare for trial and review and summarize depositions:

| 1/10/2011 | JW | Trial preparation, including review and review and summarization of all depositions | 6.50 | 1,722.50 |

Summarization of the depositions should have been completed by a paralegal ($40.00 per hour at the rate claimed by the plaintiff).

**Charges re Motion for Summary Judgment**

11.	With respect to the response to the motion for summary judgment, the plaintiff has claimed a total of 6.3 hours for drafting a response to the motion on March 18, 2010, and 6.7 hours of legal research on April 5, 2010. However, the plaintiff's Westlaw charges for those dates do not support 6.7 hours of research. The online Westlaw charges for April 5, 2010 are only $2.04 for one entry and $6.40 for another entry. On March 18, 2011, the Westlaw charges are $33.86. The defendant would respectfully submit that the plaintiff should be required to produce the Westlaw bill supporting the amount of time claimed for legal research on these issues.

Further, with all due respect to plaintiff's counsel, a review of the plaintiff's brief [#55] indicates that it contains somewhat boilerplate research regarding the burdens of proof, requirements to make out a prima facie case, and summary judgment standards. The defendant would submit that the 6.7 hours of research spent on this brief are excessive and should be reduced.

12.	With respect to hourly rates, the defendant does not contest the hourly rate claimed by Mr. Waide but respectfully submits that there is no evidence that $200 per hour is

customary in the Northern District for attorneys with the experience of Ms. Pierce and Mr. Woodruff (ten years' experience). The defendant respectfully submits that hourly rates of $150.00 per hour for attorneys with such experience is reasonable.

13. Finally, the defendant would note that the plaintiff makes no claim that the time entries for the motion for attorney's fees are supported by contemporaneous records or contemporaneous time-keeping.

For the above and foregoing reasons, and for the reasons set forth in the defendant's memorandum brief in opposition to the plaintiff's motion for attorney fees, the defendant respectfully submits that the plaintiff should be awarded no attorney's fees after the offer of judgment on December 1, 2010, that paralegal time should be disallowed, and that other above stated entries should be disallowed.

WHEREFORE, PREMISES CONSIDERED, the defendant respectfully requests that this Honorable Court deny the plaintiff's motion for fees and expenses, disallowing total charges after December 1, 2010, in the amount of $16,545.00 for attorney fees and disallowing $860.66 for expenses and costs incurred after December 1, 2010, and further disallowing other charges as set forth above and in Defendant's Memorandum Brief.

RESPECTFULLY SUBMITTED, this the 23rd day of August, 2011.

> Respectfully submitted,
> MERKEL & COCKE
> A Professional Association
> Post Office Box 1388
> Clarksdale, Mississippi 38614
> (662)-627-9641
> (662)-627-3592 telefax
>
> By: s/Cynthia I. Mitchell
> Cynthia I. Mitchell (MSB#3356)
> **Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 23, 2011, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Jim Waide, Esquire
Ron L. Woodruff, Esquire
*Waide & Associates, P.A.*
Post Office Box 1357
Tupelo, Mississippi 38802-1357

Michael D. Greer, Esquire
George E. Dent, Esquire
*Greer, Russell, Dent & Leathers*
Post Office Box 907
Tupelo, Mississippi 38802-0907

                                                    s/Cynthia I. Mitchell
                                                    CYNTHIA I. MITCHELL (MSB#3356)